249 U.S. 425 (1919)
BOARD OF PUBLIC UTILITY COMMISSIONERS
v.
COMPANIA GENERAL DE TABACOS DE FILIPINAS.
No. 253.
Supreme Court of United States.
Submitted March 18, 1919.
Decided April 14, 1919.
APPEAL FROM AND ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.
*426 Mr. Edward S. Bailey for appellant and plaintiff in error.
Mr. F.C. Fisher for appellee and defendant in error.
MR. JUSTICE VAN DEVANTER delivered the opinion of the court.
By a judgment rendered March 8, 1916, the court below annulled an order of the Board of Public Utility Commissioners of the Philippine Islands requiring a corporate common carrier to report annually various matters pertaining to its finances and operations, the ground of the judgment being that § 16 (e) of Act 2307 of the local legislature, under which the board acted, violated the organic law of the Philippines, c. 1369, 32 Stat. 691, in that it confided to the board the determination of what the reports should contain and therefore amounted to a delegation of legislative power. 34 Phil. Rep. 136. The board brought the judgment here for review, and the carrier now suggests that through a change in the local statute the question on which the judgment turned has become merely a moot one.
After the case was brought here the legislature, by Act 2694, so amended § 16 (e) as to cause the section itself to prescribe in detail what such reports should contain and thereby abrogated the provision on which the order was based and which the court held invalid. That provision therefore is no longer in force, and it is to the new provision that the board and carrier must give effect. Even if the original provision was valid, the order made under it became inoperative when the new provision was substituted in its place. Whether the order was based on a valid or an invalid statute consequently has become merely a moot question.
In this situation we are not called upon to consider the propriety of the judgment below, the proper course being, *427 as is shown by many precedents, to reverse the judgment and remand the cause with a direction that it be dismissed without costs to either party. United States v. Schooner Peggy, 1 Cranch, 103; New Orleans Flour Inspectors v. Glover, 160 U.S. 170, and 161 U.S. 101; Dinsmore v. Southern Express Co., 183 U.S. 115; United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft, 239 U.S. 466; Berry v. Davis, 242 U.S. 468.
Judgment reversed. Cause to be dismissed without costs to either party.