## METZGER v. O'DONOGHUE et al.

(Court of Appeals of District of Columbia. Submitted February 12, 1923. Decided April 3, 1923.)

### No. 3861.

**1. Abatement and revival ☞69—Disbarment proceedings do not survive death of respondent.**

The objects of disbarment proceedings being to compel attorneys to deal honestly with clients and to remove from the profession persons guilty of misconduct, the death of an attorney pending an appeal from disbarment leaves nothing for the proceedings to act upon, and such proceedings therefore do not survive, under Code, § 235, even if it be assumed that they amount to a civil action.

**2. Attorney and client ☞57—Collectors cannot maintain appeal from disbarment to protect memory of deceased attorney.**

The fact that an order of disbarment lessens the respect in which a deceased attorney is held does not entitle collectors of his estate appointed pending the probate of his will to maintain an appeal from such order, since Code, § 306, as amended, defining the powers of such collectors, gives them no authority to conduct litigation of that character.

Appeal from the Supreme Court of the District of Columbia.

Proceeding by Daniel W. O'Donoghue and others against Percy Metzger for disbarment. Pending the appeal from a judgment of disbarment, the appellant died, and Victor H. Wallace and another, as collectors of his estate pending the probate of his will, moved that the cause be revived in their names. Motion to revive denied, and appeal dismissed.

Victor H. Wallace, of Washington, D. C., for appellant.

Clarence R. Wilson and Roger Whiteford, both of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. The Committee on Grievances of the Supreme Court of the District of Columbia investigated a complaint against Percy Metzger, a member of the bar of that court, and reported that the committee deemed the facts as ascertained by them to be sufficient to support the complaint, and recommended that Metzger be called upon to answer. He was duly notified, and he answered. The matter was tried by the court in general term; the chief justice and two associate justices sitting. A great deal of testimony was taken. The court, one justice dissenting, found Metzger guilty, and ordered that he be disbarred and his name stricken from the rolls. In due time he lodged an appeal in this court. Some time afterwards he died. Victor H. Wallace and Frank Stetson, who were appointed collectors of his estate pending the probate of his will, move that the case be revived in their names.

No authorities are cited in support of the motion. Section 235 of the Code provides that:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"On the death of any person in whose favor or against whom a right of action may have accrued for any cause except an injury to the person or to the reputation, said right of action shall survive in favor of or against the legal representatives of the deceased; but no right of action for an injury to the person, except as provided in chapter forty-five of this Code, or to the reputation, shall so survive."

Chapter 45 relates to actions provided for by Lord Campbell's Act, and is immaterial here.

[1] It may well be doubted whether mere collectors are legal representatives of the deceased within the meaning of the section. But, assuming that they are, and assuming, further, without deciding, that this is an action, is it one which survives? If it be, it must be one which survives "in favor of or against the legal representative of the deceased." But there is nothing in it which could be asserted either in favor of or against his legal representative. In exercising summary jurisdiction over attorneys through disbarment proceedings, courts have in view two leading objects: First, to compel the attorney to deal frankly and honestly with his clients (Strong v. Mundy, 52 N. J. Eq. 833, 31 Atl. 611); and, second, to remove from the profession a person whose misconduct has proved him unfit to be trusted with the duties and responsibilities belonging to the office of an attorney. Ex parte Brounsall, Cowp. 829; Stephens v. Hill, 10 M. & W. 28. In the attainment of these objects the idea of punishment has no appropriate place. Re Lentz, 65 N. J. Law, 134, 138, 46 Atl. 761, 50 L. R. A. 415; 6 C. J. 581. To the same effect is In re Wall, 107 U. S. 265, 2 Sup. Ct. 569, 27 L. Ed. 552. These objects are accomplished by withdrawing from the accused the status of an attorney. When death came, it severed forever Metzger's connection with the bar, and left nothing for the proceeding to act upon further. Courts decline to adjudicate a cause which no longer exists. Brownlow v. Schwartz, 43 Sup. Ct. 263, 67 L. Ed. ——, decided by the Supreme Court of the United States February 19, 1923.

[2] If it be said that the order of disbarment lessens the respect in which Metzger's memory would otherwise be held, and consequently that his legal representatives have an interest in securing its reversal, it may be answered that they have no authority to engage in litigation of that character. The statute defines the powers of collectors (Code, § 306, as amended), and we find nothing therein which gives them the right to have an action like this revived.

Even if the appeal was from a conviction for crime, a thing which would be perhaps more injurious to his memory than the order of disbarment, the proceeding would not survive. One Mitchell was found guilty of a violation of section 1782, R. S. U. S. (Comp. St. § 10283), and was sentenced to pay $1,000 and to be imprisoned for a term of six months. He gave a supersedeas bond and sued out a writ of error from the Supreme Court of the United States. While the writ was pending in the Supreme Court he died. This fact being suggested to the court by counsel, the writ of error was dismissed by the court. None the less the government sought to collect the fine from his estate. The administrator of his estate filed a motion in the lower court, praying for an order declaring the entire proceedings and cause abated

by reason of the death of the defendant. The court sustained the motion. On appeal its action was affirmed by the Court of Appeals for the Ninth Circuit (United States v. Dunne, 173 Fed. 254, 258, 97 C. C. A. 420, 19 Ann. Cas. 1145), on the authority of List v. Pa., 131 U. S. 396, 9 Sup. Ct. 794, 33 L. Ed. 222, and Menken v. Atlanta, 131 U. S. 405, 9 Sup. Ct. 794, 33 L. Ed. 221.

In view of the foregoing, the motion to revive is denied, and the appeal dismissed, with costs.