## THE ROSALIE M.

### WOLTERS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. May 12, 1926.)

No. 4622.

**1. Shipping ⊕16—Vessel licensed for coasting trade is subject to seizure, on taking intoxicating liquors from foreign ship at sea for purpose of importing same (Rev. St. §§ 939, 4377 [Comp. St. §§ 1565, 8132]).**

Vessel licensed for coasting trade is subject to seizure, on taking intoxicating liquors from foreign ship at sea for purpose of importing them without permit or manifest, in violation of customs laws, and is subject to forfeiture and sale, in view of Rev. St. §§ 939, 4377 (Comp. St. §§ 1565, 8132).

**2. Customs duties ⊕126.**

American vessel, navigated in violation of United States laws, can be apprehended on high seas by officers acting within scope of their authority, notwithstanding Tariff Act 1922, § 581 (Comp. St. Ann. Supp. 1923, § 5841h).

**3. Admiralty ⊕23.**

After ship is brought in custody of marshal by proper admiralty process, any irregularity in initial seizure is immaterial, and waived by filing claim or answer.

**4. Admiralty ⊕115.**

Error assigned to admission of evidence will not be considered, where record does not show that admission was either objected to or exception taken to overruling objection, if made.

**5. Evidence ⊕242(5)—Admissions of captain of vessel at time of seizure for violation of customs laws held competent in forfeiture proceedings.**

Admissions of captain of vessel, seized for violation of customs laws, made at time of seizure, to effect that he was illegally importing liquor, *held* competent in forfeiture proceedings.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Libel by the United States against the motorboat Rosalie M. Decree of forfeiture (4 F.[2d] 815), and Wallace W. Wolters, master of motorboat Rosalie M, appeals. Affirmed.

D. A. Simmons, of Houston, Tex. (Campbell, Myer & Simmons, of Houston, Tex., on the brief), for appellant.

H. M. Holden, U. S. Atty., of Houston, Tex. (Edwin R. Warnken, Asst. U. S. Atty., of Galveston, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment declaring the motorboat Rosalie M and her cargo forfeited to the United States under the provisions of R. S. § 4377 (Comp. St. § 8132), and ordering the vessel and cargo sold under the provisions of R. S. § 939 (Comp. St. § 1565). After exceptions had been sustained to the original libel, the United States filed an amended libel, which, briefly stated, alleges that the motorboat Rosalie M had been seized by Lieut. Commander Whitbeck, of the United States Coast Guard cutter Comanche, together with her cargo, consisting of approximately 450 cases of various kinds of intoxicating liquor, at a point about 19 miles from the shores of Galveston Island, on August 25, 1924, and that at the time of seizure the said vessel was documented at Houston, Tex., and licensed for the coasting trade, and was engaged in foreign commerce and in an unlawful business, to wit, the transportation and importation of intoxicating liquors without a permit from the Commissioner of Internal Revenue, and the importation of same without a manifest, in violation of the customs laws. A warrant of seizure issued on the libel and amended libel, and the marshal seized and took the boat and cargo into custody. In due course a monition in due form was published, and thereupon appellant filed answer and claimed the boat as agent for the owner, without, however, disclosing the owner's name.

The case was tried on an agreed statement of facts, which admitted the material allegations of the libel, and also on the testimony of two witnesses for libelant. There was no evidence on behalf of the claimant. Scharff, a special agent of the Treasury Department, testified to a conversation with Wolters, who was captain of the vessel, to the effect that Wolters had said that about two days prior to the seizure of the vessel by the Comanche he had left Houston with some $9,000 in money, with the intention of locating a British rum runner and purchasing a cargo of liquor; that he found one about 30 miles off shore, and purchased the cargo subsequently seized; and that he intended bringing the liquor in to Houston. Whitbeck, who was in command of the Co-manche, testified to another conversation with Wolters, when he first boarded the Rosalie M, to the effect that Wolters told him he was bound for Houston and that he had a load of liquor. This witness also testified that he did not find a manifest of cargo on board the vessel, nor any papers of any description showing where the vessel was bound with the cargo, and did not find a permit from the Commissioner of Internal Revenue authorizing transportation.

The District Court decreed the forfeiture on the sole ground that the vessel was engaged in a trade other than that for which she was licensed, and also held that the seizure was not unlawful. The Rosalie M (D. C.) 4 F.(2d) 815. Various errors are assigned, which it is unnecessary to specifically discuss. Appellant contends that the seizure of the vessel was unlawful, because it was made beyond the territorial jurisdiction of the United States, on the ground that the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) has no effect at a distance greater than 3 miles from shore, and on the further ground that the officers of the coast guard had no authority outside of the 12-mile limit under the provisions of section 581 of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h).

[1, 2] Conceding that the National Prohibition Act was not in operation at the point where the vessel was seized initially, nevertheless the vessel was subject to seizure as she was engaged in an unlawful enterprise in violation of her license. Conceding, further, without so deciding, that the Coast Guard cutter was not authorized to operate outside of the 12-mile limit, it does not follow that the judgment was illegal. Undoubtedly an American vessel, being navigated in violation of the laws of the United States, can be apprehended on the high seas as well as within the territorial waters of the United States by officers acting within the scope of their authority.

[3] The objection to the authority of the Coast Guard to make the seizure is purely technical and without merit. After a ship is brought into the custody of the marshal through proper admiralty process, any irregularity in the initial seizure is immaterial, and is waived by filing a claim or answer. The Merino, 9 Wheat. 391, 6 L. Ed. 118; The Richmond, 9 Cranch, 102, 3 L. Ed. 670; In re Johnson, 167 U. S. 120, 17 S. Ct. 735, 42 L. Ed. 103.

Appellant also contends that, as the initial seizure was unlawful, evidence obtained

thereby was inadmissible, and, further, that the alleged confessions obtained from Wolters by Scharff and Whitbeck were inadmissible, because secured through duress, as Wolters at that time was in custody and part of the time in irons.

[4] The first proposition, that the Coast Guard cutter was operating beyond the 12-mile limit and the seizure was therefore unlawful, raises an interesting and important question with regard to the admission of evidence obtained through that seizure, but it is one unnecessary to decide in this case. Although error is assigned to the admission of this evidence, it does not appear from the record that its admission was either objected to or that an exception was taken to the overruling of an objection, if made. It is elementary that one seeking to exclude evidence must object to its admission, stating valid grounds, and except to the ruling of the trial court before error can be predicated thereon. We must consider the case on the record before us, and cannot assume that the evidence was objected to merely because error is assigned.

[5] Regardless of the failure to object thereto, evidence of the admissions of Wolters was clearly competent, in view of all the facts in the case.

The judgment of the District Court was correct.

Affirmed.