THE CONEJO.

COHEN v. WILLIAMS, U. S. Atty., et al. (two cases).

(Circuit Court of Appeals, First Circuit. December 6, 1926.)

Nos. 2032, 2033.

**1. Shipping ⬡⬡6, 16—Pleasure yacht held to breach license, and subject to seizure and forfeiture for landing cargo of whisky for pay (Comp. St. §§ 7804, 7805).**

Landing cargo of whisky by pleasure yacht, licensed under Comp. St. § 7804, *held* breach of license, as transporting merchandise for pay, subjecting it to seizure and forfeiture, in view of section 7805.

**2. Shipping ⬡⬡16—Whether original seizure of yacht was legal or illegal was immaterial, after subsequent adoption thereof.**

Whether original seizure by Coast Guard of yacht violating conditions of license was legal or illegal was immaterial, where seizure was subsequently adopted by the United States.

**3. Admiralty ⬡⬡118—Denial of petition for appraisal and release of vessel on bond becomes moot, on affirming decree of forfeiture.**

Denying petition for appraisal and release of vessel on bond becomes moot question, on affirmance of decree of forfeiture.

**4. Shipping ⬡⬡16—Decree of forfeiture of pleasure yacht held not subject to complaint because of order for delivery at certain place (Comp. St. § 7804).**

That decree of forfeiture of pleasure yacht, licensed under Comp. St. § 7804, for landing cargo of whisky, ordered delivery to collector of customs at certain place, cannot be complained of by intervening petitioner.

Appeals from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Separate possessory libels by Harold P. Williams, United States Attorney, and others, in behalf of the United States, against the gas screw yacht Conejo, wherein David Cohen intervenes. Decrees of forfeiture, and intervening petitioner appeals. Affirmed.

For opinion below, see 10 F.(2d) 256.

John W. Lowrance, of Boston, Mass. (William J. Gould and Daniel A. Shea, both of Boston, Mass., and Alfred D. Van Buren, of New York City, on the brief), for appellants.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (Harold P. Williams, U. S. Atty., of Boston, Mass., on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. In these two cases, heard together, the court below held the Conejo subject to forfeiture, and accordingly dismissed the possessory libel in No. 2032, and entered a decree of forfeiture in No. 2033, filed by the United States.

[1] The Conejo was licensed as a pleasure yacht under Compiled Statutes, § 7804, which provides that such vessels "shall be liable to seizure and forfeiture for any violation of the provisions of this title"; and section 7805 provides that "no licensed yacht shall engage in any trade, nor in any way violate the revenue laws."

The opinion of the learned District Judge (10 F.[2d] 256), though brief, leaves little to be added. It states the facts and the issues of controlling importance. The evidence shows conclusively that the Conejo was engaged in rum-running off the coast of Maine; that in August, 1925, she landed a

cargo of several hundred cases of whisky at Freeport, Me. This was a breach of her license, by transporting merchandise for pay, as the court below held in this case, and as Judge Morton held in a like case in The Herreshoff (D. C.) 6 F.(2d) 414.

We are not prepared to adopt the contention, now made by the learned counsel for the appellant, that this court should hold The Abby, Fed. Cas. No. 14, The Lewellen, Fed. Cas. No. 8,307, and The Idaho (D. C.) 29 F. 187, bad law. The authorities cited do not sustain his contention. Mr. Justice Story wrote the opinion in The Abby.

[2] Apart from the authority of these cases, it is immaterial whether the original seizure by the Coast Guard was legal or illegal. The seizure was adopted by the United States. The case falls in that regard under the ruling made by this court in The Ray, 11 F.(2d) 522, affirmed by the Supreme Court November 23, 1926, 47 S. Ct. 191, 71 L. Ed. —, and by the Court of Appeals for the Second Circuit in the Underwriter Case, 13 F.(2d) 433, and again by this court in Lee v. United States, 14 F.(2d) 400, 404, 405. Compare, also, The Rosalie M. (C. C. A.) 12 F.(2d) 970; United States v. Stowell, 133 U. S. 1, 10 S. Ct. 244, 33 L. Ed. 555.

Perhaps it should be added that it is immaterial whether the court below was right or wrong in its apparent holding that the liquor landed from the Conejo was of foreign origin, and that, therefore, there was a violation of the revenue laws; for it is enough to ground forfeiture to find, as already indicated, that this licensed pleasure yacht was transporting merchandise for pay.

[3] Another contention urged upon this court is that the court below erred in denying the appellant's petition for appraisal and release of the vessel on bond. There is nothing in the record upon which to base this contention; but, if we assume this court warranted in accepting the concession of the United States attorney that such petition was in fact filed and denied, we are of opinion that the question is moot, and that we need not consider or discuss it. Alejandrino v. Quezon (June 7, 1926) 271 U. S. 528, 46 S. Ct. 600, 70 L. Ed. 1071; Public Utility Commissioners v. Campania, 249 U. S. 425, 39 S. Ct. 332, 63 L. Ed. 687, and cases cited.

[4] Finally, the appellant contends that the court below erred in the decree of forfeiture in ordering the Conejo delivered to the collector of customs at Portland. We are unable to see what interest the appellant has in the destination of a vessel forfeited to the United States. The contention is without merit.

In each case the decree of the District Court is affirmed.