## NEWCOMB v. UNITED STATES.
### No. 8698.

Circuit Court of Appeals, Ninth Circuit.
July 9, 1938.

---

P. E. Keeler and James W. Bell, both of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Francis C. Whelan, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court for Southern California, appellee, the United States, filed a bill of complaint and obtained a final decree against appellant, Sarah Anne Newcomb, who thereupon appealed to this court. Appellee now moves this court to reverse the decree and to remand the case to the District Court, with directions to dismiss the bill without prejudice, on the ground that the case has become moot. Appellant resists the motion and seeks a decision on the merits.

The bill alleged that appellee had made a contract with Standard Dredging Company, a corporation (hereafter called the contractor), whereby the contractor had agreed to dredge the land lying under, and covered by, the waters of Newport Bay in the State of California; that Newport Bay was a navigable area of the Pacific Ocean; that the waters thereof were navigable waters of the United States; that the dredging of the land under said waters was in the interest of navigation and commerce; that the contractor was performing said contract and, in so doing, was acting for, on behalf of, and under the authority of, the United States; that appellant had brought an action in a State court of California for the purpose of quieting her title to a part of said land, and had in the State court action obtained an order requiring the contractor to show cause why it should not be enjoined and restrained from dredging the part claimed by appellant; and that, if the dredging of said land was prevented or delayed, appellee would suffer great and irreparable injury.

The bill prayed that appellant be temporarily and permanently restrained and enjoined "from further prosecuting said order to show cause," and "from the further prosecuting of [the contractor] in the performance of the work under said contract, by causing, or attempting to cause, the issuance of any restraining order or injunction enjoining or restraining [the contractor] from performing said contract, or in any other manner." No other relief was sought by appellee.

The District Court granted a temporary restraining order and, thereafter, a temporary injunction, as prayed in the bill. No injunction bond was or could have been required of appellee, and none was given.

Answering, appellant admitted that she had brought the State court action above referred to and had therein sought to enjoin the contractor from dredging the land claimed by her; denied all other allegations of the bill; and prayed "that [the bill] be dismissed, that the restraining order be denied and that [appellant] be dismissed with her costs." There was no counterclaim or prayer for affirmative relief. No damages were claimed by either party.

The contractor was not a party to this suit. Nevertheless, on motion of appellant, the court made an order restraining the contractor, pendente lite, from dredging the land claimed by appellant. Subsequently, the court ordered that this restraining order be dissolved,[1] upon the contractor's giving a bond for $25,000, conditioned for the payment to appellant of all loss and damage occasioned by such dissolution and by the dredging of said land in the event it should be determined that such dredging was wrongful. As such bond and as security for the payment of such loss and damage, the contractor deposited with the clerk of the court $25,000 in cash. It then proceeded with and completed the work called for by the contract.

■ Thereafter the court heard the case and made findings of fact, wherein, among other things, it found that the contract had been fully performed. It thereupon entered

---

a final decree in appellee's favor.[2] This was error. The contract having been fully performed, the case became moot prior to final hearing. Therefore, instead of deciding the case on its merits, the court should have dismissed the bill without prejudice. United States v. Hamburg-Amerikanische Packet-Fahrt-Actien Gesellschaft, 239 U.S. 466, 475, 36 S.Ct. 212, 60 L.Ed. 387; United States v. American-Asiatic Steamship Co., 242 U.S. 537, 37 S.Ct. 233, 61 L.Ed. 479; United States v. Anchor Coal Co., 279 U. S. 812, 49 S.Ct. 262, 73 L.Ed. 971; Standard Oil Co. v. United States, 283 U.S. 163, 181, 51 S.Ct. 421, 427, 75 L.Ed. 926.

Appellant asks us to reverse the decree on the merits, so that, upon remand, she may, in this moot case, claim and recover damages for the dredging of her land. This request is denied. Appellant has not heretofore claimed damages in this case. Not having done so, she cannot, in this case, claim them now or hereafter. Whether she might have claimed them in this case if it had not become moot, or whether she may still claim them in a separate action, we need not and do not decide.

Appellee's motion is granted, the decree is reversed, and the case is remanded, with directions to dismiss the bill without prejudice.

---

[2] The decree made the temporary injunction permanent and awarded costs to appellee in the sum of $51.24. It also directed that the $25,000 which the contractor had deposited with the clerk be "released" to the contractor, after deducting the statutory 1% clerk's fee. No supersedeas bond having been given, this part of the decree has been complied with.