166 F.2d 884 (1948)
HOWARD
v.
WILBUR et al.
No. 10509.
Circuit Court of Appeals, Sixth Circuit.
March 15, 1948.
Sawyer A. Smith, of Covington, Ky., for appellant.
No appearance for appellees.
Before HICKS, SIMONS and MILLER, Circuit Judges.
MILLER, Circuit Judge.
The appellant, Ulie J. Howard, an attorney of Kenton County, Kentucky, appealed from an order entered by the U. S. District Court for the Eastern District of Kentucky striking his name from the roll of attorneys of that Court. At the time of the order he was the Commonwealth's Attorney for the 16th Judicial District in Kentucky with headquarters at Covington, Kenton County, Kentucky. The issues involved in the controversy are given in the District Court's opinion, reported as Wilbur v. Howard, D. C., 70 F.Supp. 930. The District Court's order was entered April 8, 1947, following which a notice of appeal was duly filed. The record on appeal was filed and the appeal completed on July 9, 1947. On October 17, 1947, Howard died. On December 16, 1947, the appellees filed a motion in this court which recited his death and moved for an order dismissing the appeal upon the ground that it had become moot. Counsel for the appellant has filed a response in which objection is made to the motion and it is prayed that the motion be dismissed or that the court withhold decision on the motion until final hearing. At the same time Aileen Howard, Executrix of the Estate of Ulie J. Howard, deceased, filed a petition in this court setting out her appointment as such executrix by order of the Kenton Circuit Court of October 28, 1947, her subsequent qualification as such executrix, adopting the response filed on behalf of the appellant, and asking that she be made a party to this action and that it be revived and proceed in her name. Appellees have filed a reply which states that the response fails *885 to state sufficient reasons why the motion to dismiss the appeal should not be sustained.
The order of the District Court is an appealable order. Section 225, Title 28 U.S.C.A.; Thatcher v. United States, 6 Cir., 212 F. 801; In re Fletcher, 71 App.D. C. 108, 107 F.2d 666, certiorari denied, 309 U.S. 664, 60 S.Ct. 593, 84 L.Ed 1011, rehearing denied, 309 U.S. 698, 60 S.Ct. 713, 84 L.Ed. 1037; In re Schachne, 2 Cir., 87 F.2d 887.
It will be noticed that the motion to dismiss the appeal is not based upon the ground that the action abated upon the death of the appellant. But since appellant's death has now been suggested of record to us, its effect on the appeal should probably be considered. Although the rule in criminal cases is that the death of a defendant pending appeal abates the appeal; List v. Pennsylvania, 131 U.S. 396, 9 S.Ct. 794, 33 L.Ed. 222; State v. Kriechbaum, 219 Iowa 457, 258 N.W. 110, 96 A.L.R. 1317 and annotation at page 1322; the general rule with respect to civil actions is that the death of a party subsequent to the entry of a judgment in favor of the plaintiff in the lower court and pending a review proceeding does not abate the appeal. Green v. Watkins, 6 Wheat. 260, 5 L.Ed. 256; Coughlan v. Dist. of Col., 106 U.S. 7, 1 S. Ct. 37, 27 L.Ed. 74; Roberts v. Criss, 2 Cir., 266 F. 296, 11 A.L.R. 698. In such cases the cause of action has been merged into the judgment, even though it would not have survived if death had occurred prior to judgment. The rule does not apply in cases where the judgment in the lower court has gone in favor of the defendant, as the alleged cause of action has never ripened into a judgment. Martin v. Baltimore & Ohio Railroad, 151 U.S. 673, 703, 14 S.Ct. 533, 38 L.Ed. 311.
Regardless of the question of abatement, it is settled that if the question presented by an appeal has become moot the appeal will be dismissed by the appellate court without a ruling on the merits. Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 133, 40 L.Ed. 293; Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 522, 65 L.Ed. 990; Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620. In Mills v. Green, supra, the court pointed out that it was the duty of every judicial tribunal to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or to declare rules of law which can not affect the matter in issue in the case before it. It said, "It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence." The present case falls clearly within that general rule. The death of the appellant renders it unnecessary for this court to determine whether or not the appellant is entitled to practice law in the U. S. District Court for the Eastern District of Kentucky, and also renders it impossible for this court to grant any effectual relief to the appellant even if we should disagree with the ruling of the District Judge. Metzger v. O'Donoghue, 53 App.D.C. 107, 288 F. 461; Leber v. United States, 9 Cir., 170 F. 881, 892, 893.
Appellant's counsel, while recognizing the general rule, claims that the present case is controlled by well recognized exceptions to the rule.
One such exception is that regardless of the moot character of an appeal it will not be dismissed where the question involved is a matter of public interest. The application of this exception is shown by such cases as Southern Pacific Co. v. Interstate Commerce Commission, 219 U.S. 433, 31 S.Ct. 288, 55 L.Ed. 283, and United States v. Trans-Missouri Freight Association, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007. The question is also well discussed in Willis v. Buchman, 240 Ala. 386, 199 S. 892, 132 A. L.R. 1179, with annotation beginning at page 1186. The question involved in the present appeal is not such a matter of public interest, as defined by those cases, as would bring it within the exception.
Another recognized exception to the general rule is that an appeal will not be dismissed where only a part of the controversy *886 has become moot and other questions remain for decision. This exception was recognized and applied in the four cases cited and relied upon by appellant's counsel, namely, Lincoln Printing Company v. Middle West Utilities Co., 7 Cir., 74 F.2d 779; Burton v. Carey, 9 Cir., 82 F.2d 657; Cramer v. Phoenix Mutual Life Ins. Co., 8 Cir., 91 F.2d 141; Jackson v. Denver Producing & Refining Co., 10 Cir., 96 F.2d 457. But in each of those cases only part of the issue presented in the trial court had become moot and there was left in the appeal other questions which had not become moot and which affected the correctness of the judgment. There is only one issue in the present case; it has been removed from the controversy by appellant's death. No other issue remains for this court to decide. Nor does the case fall within the ruling of such cases as Morrison v. Hess, Mo.Sup., 231 S.W. 997, 18 A.L.R. 433, and Arkansas-Missouri Power Co. v. Brown, 176 Ark. 774, 4 S.W.2d 15, 58 A.L.R. 534. In those cases, although the main issue presented by the appeal had become moot, there continued to exist in one case a possible liability on an injunction bond executed in the lower court, and in the other case a judgment for damages awarded by the trial court in addition to the mooted issue of the injunction.
There is another possible exception to the general rule to the effect that although the issue is moot in the particular case before the court, yet the appeal is not treated as moot where if the judgment is not reversed a party will be precluded from establishing facts which may be vital to his rights in other proceedings. Such an exception seems to have been recognized in Kaufman v. Mastin, 66 W.Va. 99, 66 S.E. 92, 25 L.R.A.,N.S., 855; Sinquefield v. Valentine, 159 Miss. 144, 132 So. 81, 76 A.L.R. 238. Appellant's counsel apparently attempts to bring this appeal within that exception by the statement in the response that the judgment below "affects the right to remuneration from the date of its entry * * * until the death of appellant. * * *" The type of remuneration is not specified. It does not state that his statutory compensation as Commonwealth's Attorney from either Kenton County or the State of Kentucky was involved or affected, and we are neither referred to nor are we familiar with any Kentucky statute or ruling from the courts of that state to that effect. Insofar as appellant's remuneration, considered in the light of income from professional services, is affected by not being able to practice law in the U. S. District Court for the Eastern District of Kentucky, that is a necessary incident to the order complained of, is adjudicated by such order, and is not a collateral matter.
The response also contends that unless the judgment is reversed, appellant will be required to pay the costs of this proceeding, which are shown to be substantial. It is settled, however, that an appeal will not be entertained simply to determine a question of costs, when the question at issue has become moot. Glendale Elastic Fabrics Company v. Smith, 100 U.S. 110, 25 L.Ed. 547; Paper-Bag Cases, 105 U.S. 766, 772, 26 L.Ed. 959; Heitmuller v. Stokes, supra, 256 U.S. 359, 362, 41 S.Ct. 522, 65 L.Ed. 990; Sullivan v. Postal Tel. Cable Co., 7 Cir., 123 F. 411. See also O'Sullivan v. People, 144 Ill. 604, 32 N.E. 192, 20 L. R.A. 143.
Accordingly, we are of the opinion that the appeal cannot be entertained. The action being moot, further proceedings upon the merits can not be had here nor in the District Court. Under such conditions the practice established by the Supreme Court is to enter an order disposing of the case in its entirety, rather than merely ruling on the appellate proceeding which brought it here. In accordance with the rule established and applied in the following cases, no ruling is made on the merits of the action, and an order will be entered reversing the judgment below and remanding the case with directions to dismiss the complaint without costs to either party. Brownlow v. Schwartz, supra, 261 U.S. 216, 218, 43 S.Ct. 263; Atherton Mills v. Johnston, 259 U.S. 13, 16, 42 S.Ct. 422, 66 L.Ed. 814; Berry v. Davis, 242 U.S. 468, 37 S.Ct. 208, 61 L.Ed. 441; Commercial Cable Co. v. Burleson, 250 U.S. 360, 39 S.Ct. 512, 63 L.Ed. 1030; Board of Public Utility Commissioners v. Compania General, 249 U.S. 425, 39 S.Ct. 332, 63 L.Ed. 687; United *887 States v. Anchor Coal Co., 279 U.S. 812, 49 S.Ct. 262, 73 L.Ed. 971; Joe Tin Lun v. Bond, 279 U.S. 818, 49 S.Ct. 263, 73 L.Ed. 974; United States v. American-Asiatic S. S. Co., 242 U.S. 537, 37 S.Ct. 233, 61 L.Ed. 479; United States v. Hamburg American Co., 239 U.S. 466, 36 S.Ct. 212, 60 L.Ed. 387; Kishi v. Humble Oil & Refining Co., 5 Cir., 62 F.2d 984; Kunze, Mayor v. Auditorium Co., 8 Cir., 52 F.2d 444; Newcomb v. United States, 9 Cir., 98 F.2d 25.