# SAN MATEO COUNTY v. SOUTHERN PACIFIC RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CALIFORNIA.

Submitted December 17, 1885.—Decided December 21, 1885.

The court hears a motion by counsel for plaintiff in error, specially appointed for the purpose, to dismiss the writ of error, which motion is opposed by counsel of record for plaintiff in error. The court dismisses the writ on the ground that there is no longer an existing cause of action.

This was a motion to dismiss the writ of error in this case. The facts which make the case are stated in the opinion of the court.

*Mr. John W. Ross* for the motion.

*Mr. A. L. Rhodes* opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

This motion was made on the 18th of November last by Mr. John W. Ross, who had been specially appointed by the Board of Supervisors of the county as counsel for that purpose. Upon suggestion that counsel of record desired to oppose the motion, an order was made that notice be given them to appear and show cause against it if they desired to do so. This they have done, and it now appears that the suit was begun in a State court April 22, 1882. An answer was filed by the railroad company May 25, 1882. On the 30th of June the suit was removed to the Circuit Court of the United States. An amended answer was filed August 16, 1882, and on the same day a demurrer was filed to the answer. On the 6th of September the counsel for the county executed to the railroad company a receipt, of which the following is a copy:

"County of San Mateo, Plaintiff,
v.
Southern Pacific Railroad Company, Defendant.

In U. S. Circuit Court, Ninth Circuit. No. 2807.

"Received, San Francisco, September 6, 1882, of the Southern

Pacific Railroad Company, the sum of seven thousand two hundred and forty-seven $\frac{63}{100}$ dollars ($7247.63), and the sum of $724.76 dollars, attorneys' fees, all to be credited upon any judgment that may be obtained by the plaintiff in the above entitled action.

"In case judgment shall be rendered in said action in favor of said defendant, then said sum of money, less our fees agreed to be paid by said county, shall be paid into the treasury of the said county of San Mateo as a donation by said defendant in lieu of taxes for the fiscal year 1881–2, declared invalid. But in the event that a law shall be hereafter passed providing for a re-assessment of property in said complaint in said action in said county for said year, then said sum of money is to be treated as a part payment for taxes for said fiscal year.

(Signed) "RHODES & BARSTOW,
*Attorneys for San Mateo Co. in said action.*"

On the 20th of September the following stipulation was filed in the cause:

"The County of San Mateo
        *v.*         }   No. 2807.
The Southern Pacific Railroad Company. }

"It is stipulated in the above-entitled actions that each of them be, and hereby is, submitted upon the plaintiff's demurrer to the first affirmative defence (second defence) in the defendant's answer. And it is further stipulated that judgment final in the action may be rendered upon the demurrer, it being agreed that for the purpose of this proceeding the other defences are withdrawn from the consideration of the court.

"RHODES & BARTSOW,
*Att'ys for Plaintiff.*
"L. D. McKISICK,
*Att'y for Defendant.*"

On the 25th of September a judgment was rendered upon the demurrer in favor of the defendant, and the suit dismissed. The next day a writ of error was brought to this court and docketed here October 13, 1882. The case was elaborately

argued before us December 19, 1882, but before a decision was reached a stipulation was entered into between the parties, as follows:

"In the Supreme Court of the United States.

"The County of San Mateo

*v.*        } No. 1063.

Southern Pacific Railroad Company.

"Whereas certain actions brought by the People of the State of California, or by certain counties of said State, against said defendant, and other railroad companies operating railroads in said State, for the recovery of taxes assessed against said companies for State and county purposes, were, during the month of August last, tried before and submitted to the Circuit Court of the United States, Ninth Circuit, for the District of California, which actions have since been decided against the plaintiffs;

"And whereas the attorneys for the respective parties to said actions against whom judgments have been rendered intend to sue out a writ or writs of error in one or more of said actions, and to prosecute the same with as much diligence as possible, and to move the Supreme Court that the same be advanced on the calendar for argument:

"It is hereby stipulated by and between the parties to the first-mentioned action that the further consideration of the said action by the Supreme Court may be deferred until the argument of one or more of the last-mentioned cases.

"San Francisco, September 18, 1883.

(Signed)        "A. L. RHODES.
                                *Att'y for Pl'ff in Error.*
(Signed)        "S. W. SANDERSON,
                                *Att'y for Defendant.*"


And thereupon the following order was made:

"The County of San Mateo, Plaintiff in Error,

*v.*        }

The Southern Pacific Railroad Company.

"The parties having stipulated that the further considera-

tion of this cause may be postponed until certain other cases are disposed of, this cause is restored to its original position on the docket, there to await the further action of the court."

It now appears that, according to the claim of the counsel of record, there is due on account of the taxes sued for, including penalty, attorneys' fees, and interest at the rate of two per cent. per month, from the time of delinquency until now, the sum of $14,399.07. It also appears that on the 11th of the present month the railroad company paid into the treasury of the county the sum of $7613.30. The county has also had the use of the $7247.63 paid on the 6th of September, 1882, from the time of such payment until now. The only condition attached to the payment made on the 11th of this month is that, if when the account is finally settled between the county and Rhodes & Barstow upon the basis of the assessment-roll, principal, interest, delinquency, and attorneys' fees, it shall appear that the payments, including that to Rhodes & Barstow, are more than the actual amount due, the excess shall be returned to the railroad company. The payments have been—

| | |
|---|---|
| To Rhodes & Barstow, taxes | $7247 63 |
| Attorneys' fees | 724 76 |
| To the county | 7613 30 |
| | |
| In all | $15,585 69 |

As this is more than the entire sum estimated by the counsel for the plaintiff to be due, it is clear that the debt for which the suit was brought has been unconditionally paid and satisfied.

As to the objection that this was by agreement of parties made a test case, and many others are depending on its adjudication, it is sufficient to say that both sides agree that the suit of the County Santa Clara against the same company presents all the questions that are in this case, and that the parties have stipulated that this need not be taken up for decision until that is heard. The interests of the State, therefore, will be as

well protected by the determination of that case as of this.
For the reason that there is no longer an existing cause of
action in favor of the county against the railroad company,
  *This writ of error is dismissed, each party to pay its own
    costs.*