## ATHERTON MILLS *v.* JOHNSTON ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA.

No. 16.   Argued December 10, 1919; restored to docket for reargument June 6, 1921; reargued March 7, 8, 1922.—Decided May 15, 1922.

A father and minor son secured a permanent injunction preventing a manufacturer from discharging the son from employment in consequence of the Federal Child Labor Tax Law, upon the ground that the law was unconstitutional; but, pending an appeal, the son ceased to be within the ages affected by the statute. *Held,* that, as the case had become moot, the merits could not be considered, but the decree should be reversed with direction to dismiss the bill without costs.   P. 15.

Reversed.

APPEAL from a decree of the District Court granting a permanent injunction.   See *Child Labor Tax Case, post,* 20.

*Mr. Solicitor General Beck,* with whom *Mr. Robert P. Reeder* was on the brief, for the United States, as *amici curiae.*[1]

*Mr. William P. Bynum* and *Mr. W. M. Hendren,* with whom *Mr. Clement Manly* and *Mr. Junius Parker* were on the briefs, for appellees.

MR. CHIEF JUSTICE TAFT delivered the opinion of the court.

The two Johnstons, father and son, citizens of North Carolina, the former in his own right, and as the author-

---

[1]At the former hearing *Mr. Solicitor General King* and *Mr. Assistant Attorney General Frierson* argued the case on behalf of the United States, as *amici curiae,* by special leave of court.   No brief was filed for either hearing by the appellant.

ized next friend of his son, filed their bill of complaint April 15, 1919, against the Atherton Mills, a corporation of the same State. The bill averred that Johnston, the son, was a minor between the ages of fourteen and sixteen years, that Johnston, the father, supporting his son, was entitled to his earnings until he attained his majority, that the son was in the employ of the defendant, that by the terms of the so-called Child Labor Tax Act, approved February 24, 1919, c. 18, § 1200, 40 Stat. 1057, 1138, the defendant was subjected to a tax of one-tenth of its annual profits if it employed a child within the ages of fourteen and sixteen for more than eight hours a day, six days a week, or before the hour of 6 A. M. or after the hour of 7 P. M.; that the defendant was unwilling to arrange a schedule of working hours to comply with this requirement for the minor complainant, and was about to discharge him because of the act, thus depriving the son and father of all of the son's earnings. On the ground that the act was invalid because beyond the powers of Congress, and that the discharge would injure both complainants by a serious deprivation of earnings, which but for the law they would enjoy, and that the granting of an injunction would prevent a multiplicity of suits, they prayed for an injunction against the defendant from discharging the complainant son or in any manner curtailing his employment to eight hours a day or otherwise. The defendant answered admitting all the substantial averments of the bill except the invalidity of the Child Labor Tax Act. It specifically admitted its intention to discharge the complainant son when the act went into effect and solely because of the act. On April 23, 1919, a motion for a preliminary injunction was heard. The United States Attorney for the Western District of North Carolina, not entering an appearance, but speaking as *amicus curiæ*, suggested " the want of jurisdiction because there is no allegation in the bill of a contract preventing the de-

fendant from discharging the employee for any reason that might seem fit to it, and also because the case is not one arising under the internal revenue or other federal laws so as to give the court jurisdiction to pass on the validity of the law." The court granted the temporary injunction and made it permanent by order of May 2, 1919.

The defendant appealed directly to this court under § 238 of the Judicial Code, assigning error (1) to the failure to dismiss the bill; (2) to the holding that the Child Labor Tax Act was invalid; (3) to the injunction.

The record shows that the pleadings were framed to bring this case within that of *Truax* v. *Raich,* 239 U. S. 33, 38; but it differs from that case in that the sole defendant here is the employer, while in that case there was joined with the employer the state officer who threatened to enforce the alleged invalid law against his codefendant and compel him to end the contract against his will and to the complainant's irreparable damage. The record further raises the doubt whether on its face this is a real case within the meaning of the Constitution upon which the judgment of this court upon the validity of an act of Congress under the Constitution can be invoked, and whether it does not violate the principle and ignore the caution of the words of Mr. Justice Brewer in *Chicago & Grand Trunk Ry. Co.* v. *Wellman,* 143 U. S. 339, 345, which are quoted in *Muskrat* v. *United States,* 219 U. S. 346, 359. These are serious questions requiring full consideration. We only state them in order that it may not be thought by our conclusion that we here decide them.

The lapse of time since the case was heard and decided in the District Court has brought the minor, whose employment was the subject-matter of the suit, to an age which is not within the ages affected by the act. The act, even if valid, can not affect him further. The case for an injunction has, therefore, become moot and we can

not consider it.  *Mills* v. *Green*, 159 U. S. 651; *Codlin* v *Kohlhausen*, 181 U. S. 151; *Tennessee* v. *Condon*, 1? U. S. 64, 71; *American Book Co.* v. *Kansas*, 193 U. 49, 51; *Jones* v. *Montague*, 194 U. S. 147; *Fisher* v. *Baker*, 203 U. S. 174.

The case having become moot the decree is reversed with a direction to dismiss the bill without costs to either party.

*Reversed.*