## WESTERN ELECTRIC CO., Inc., v. CINEMA SUPPLIES, Inc.

## WESTERN ELECTRIC CO., Inc., et al. v. SAME.

### Nos. 10346, 10347.

Circuit Court of Appeals, Eighth Circuit.

Nov. 21, 1935.

Harold Olsen, of Minneapolis, Minn. (A. C. Paul, of Minneapolis, Minn., on the brief), for appellants.

Benedict Deinard, of Minneapolis, Minn., for appellees.

Before GARDNER, WOODROUGH, and FARIS, Circuit Judges.

WOODROUGH, Circuit Judge.

Appellants sued the Cinema Supplies, Inc., for patent infringement, praying, among other things, for temporary injunction. The trial court, after hearing, denied the temporary injunction, being influenced by the promise of the Cinema Company to desist from making or vending the certain articles alleged to infringe. At the same time, the court ordered that "in the event it should appear during the pendency of this action that the defendant is again manufacturing the type of speaker referred to as type 'M,' the plaintiffs may proceed by two days' notice of motion for an order granting the relief prayed for." Appellants, feeling themselves aggrieved by the denial of the temporary injunction, prosecuted these appeals and prepared and filed their briefs in support of their assignments of error. Before the appeals could be heard, however, these appellants applied again to the District Court in the same cases for temporary injunction against the Cinema Company, alleging, among other things, that the Cinema Company had violated its promise made to the court, and a hearing having been had, the temporary injunction was granted. As the sole purpose of the appellants in prosecuting these appeals was to obtain the temporary injunction, the object of the appeals was completely attained when the temporary injunction was granted. These appeals thereupon became moot. Accordingly, the appellants have filed their motion reciting that the appeals have become moot and moving dismissal on that ground. Their motion also presents that their costs should be taxed to appellee. Appellee concedes that the appeals have become moot and must be dismissed, but insists that the dismissal should be without costs to either party.

The rules of the United States Circuit Court of Appeals for the Eighth Circuit (effective October 1, 1935) make provision for taxation of costs (under the heading "20. Costs") (1) in all cases where any proceedings shall be dismissed in this court; (2) in all cases of affirmance of any judgment or decree in this court; and (3) in cases of reversal of any judgment or decree in this court. The wording of the first paragraph (1) is broad enough, strictly speaking, to include the present case, where the proceedings must be dismissed in this court, and to require that the costs "shall be allowed to the appellee unless otherwise agreed by the parties." But it may be questioned whether its true intention extends to a case where dismissal is necessitated because the appeal has become moot. In Heitmuller v. Stokes, 256 U.S. 359, 41 S.Ct. 522, 524, 65 L.Ed. 990, the court said: "It remains to be considered what order should be made. Although, owing to the moot character of the issue involved, we may not consider the merits, we are at liberty to make such order as is '"most consonant to justice" in view of the conditions and circumstances of the particular case.' United States v. Hamburg-American Co., supra, 239 U.S. 466, 467, 478, 36 S.Ct. [212] 217, 60 L.Ed. 387." It awarded costs as appeared to the court to be just, notwithstanding a rule in that court substantially like the rule of this court. On the other hand, it appears to be the general practice in the Supreme Court and Circuit Courts to dismiss without costs to either party when the case or the appeal has become moot. Board of Pub. Utility Com'rs v. Compania General de Tabacos de Filipinas, 249 U.S. 425, 39 S.Ct. 332, 63 L.Ed. 687 (judgment reversed); Buck's Stove & Co. v. American Fed. of Labor, 219 U.S. 581, 31 S.Ct. 472, 55 L.Ed. 345; Codlin v. Kohlhausen, 181 U.S. 151, 21 S.Ct. 584, 45 L.Ed. 773; San Mateo County v. Southern Pac. R. Co., 116 U.S. 138, 6 S.Ct. 317, 29 L.Ed. 589; Lord v. Veazie, 8 How. 251, 12 L.Ed. 1067; City of Paducah v. Paducah Water Co. (C.C.A.6) 258 F. 20; see Dakota Coal Co. v. Fraser (C.C.A.8) 267 F. 130. Where necessary to direct lower court to dismiss, Hargis, Com'r, v. Bradford, 283 U.S. 781, 51 S.Ct. 342, 75 L.Ed. 1411; U. S. v. Anchor Coal Co., 279 U.S. 812, 49 S.Ct. 262, 73 L.Ed. 971; Alejandrino v. Quezon, 271 U.S. 528, 46 S.Ct. 600, 70 L.Ed. 1071; Atherton Mills v. Johnston, 259 U.S. 13, 42 S.Ct. 422, 66 L.Ed. 814; Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620; U. S. v. Alaska S. S. Co., 253 U.S. 113, 40 S.Ct. 448, 64 L.Ed. 808; Kunze v. Auditorium Co. (C.C.A.8) 52 F.(2d) 444.

In the present cases, we think the appellants should not have costs awarded to them upon the dismissal of their appeals. They did not entirely rely upon their appeal to this court to obtain the injunctive relief, but availed themselves of the leave extended to them by the trial court in the very order appealed from, to renew the proceedings in that court. Having availed themselves of the order of the trial court to that extent, and having thereby obtained from the trial court upon the renewed proceedings all the relief sought by them, we do not deem it unjust to the appellants to dismiss the appeals without costs to either party.

It is so ordered.