## DEMPSEY v. GUARANTY TRUST CO. OF NEW YORK.

### Nos. 8001, 8058.

Circuit Court of Appeals, Seventh Circuit.

Oct. 28, 1942.

Norman Crawford and Thos. Hart Fisher, both of Chicago, Ill., for appellant.

Cyrus H. Adams and James P. Dillie, both of Chicago, Ill., and Otis T. Bradley, of New York City (Isham, Lincoln & Beale, of Chicago, Ill., and Davis, Polk,

Wardwell, Gardiner & Reed, of New York City, of counsel), for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

Appellant was appointed upon the petition of a creditor, by the Probate Court of Cook County, Illinois, as administrator of the estate of Gabriel de Fontarce, a Free Frenchman, who died in London, England, in June, 1941, and who at the time of his death was domiciled either in Great Britain, Egypt, Eire, or France. He appeals separately from two orders of the District Court in a suit to determine title to, and possession of certain securities belonging to the estate and placed in appellee's custody in New York during decedent's lifetime. The complaint was in one paragraph.

The first appeal was taken on April 1, 1942, from an order of the same date. That order dissolved a temporary restraining order and denied a temporary injunction sought to prevent appellee from disposing of the securities and also from participating in any probate proceedings other than those in Cook County, until final decree in the cause. That appeal was docketed in this court on May 8, 1942.

Some time after the first appeal was taken, the District Court dismissed the original complaint on motion, and from this ruling no appeal was taken.

On May 26, 1942, appellant filed in the same case in the District Court what he terms his amended and supplemental complaint, and on June 5, 1942, he moved that court to enter an order, under Rule 75 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, supplementing the record in the first appeal by including therein his amended and supplemental complaint, which contained everything set forth in the original complaint, and more. That court suggested to him that he move for an injunction on his amended complaint, that the court had not seen it, and the court might grant it upon hearing. Appellant declined to do this and the court denied his motion, and from that ruling the second appeal was taken. It was docketed here on July 2, and the two appeals were consolidated for hearing and disposition.

■ Appellee resisted the consolidation in this court of the two appeals, and urged that No. 8058 be dismissed on the ground that it was not taken from an appealable order. We think its objections are well taken. Denial of a motion for leave to supplement a record is certainly not such a final order as is contemplated by the statute which provides for a review of final decisions. 28 U.S.C.A. § 225. Moreover, we are convinced that the matter sought to be added to the record in No. 8001 is not of such a character as may be considered by us in this appeal. The District Court denied the injunction on the basis of the bill of complaint as originally filed. Only that was before him at the time he took the action as to which complaint is here made. We are informed by the record in No. 8058 that the first nine subparagraphs of the amended complaint are the same as those of the original bill, and that the amendment consists of the addition of six more subparagraphs, the six paragraphs of the prayer for relief remaining the same in the two bills. We think it would be very unfair for this court to consider the order complained of in the light of a pleading which was not before the District Court when it entered its order. The amended bill also prays an injunction, and it might well be that the court would consider that the additional matter showed sufficient merit to appellant's claim to justify the issuing of the injunction prayed.

■ Appellant earnestly urges his right to have the amended complaint before this court under the provision of Rule 75 which he asserts permits "the appellant to add to any record on appeal '*any-thing material*' which may be omitted therefrom 'either before *or after* the record is transmitted to the appellate court.'" (His italics.) It is clear that the purpose of this part of Rule 75 was to provide a simple method of adding to the record on appeal any matter properly a part thereof which had been omitted therefrom by error or accident, and that such addition would be made even after the record had been transmitted to the Court of Appeals. The rule, however, was never intended to permit the addition of matter not before the District Court when he entered his order. As this court stated in Austin Mfg. Co. v. American Wellworks, 7 Cir., 121 F. 76, 77, "But the correctness of the order must be considered under the facts and circumstances of the case as presented below, and 'from the same standpoint as that occupied by the court granting it' * * *." Hence the matter contained in the supplemental rec-

ord is not properly a part of the record in this cause and cannot be considered by us.

 By motion to dismiss the appeal in No. 8001, appellee called our attention to the fact that the original bill of complaint containing the prayer for injunction, the denial of which constituted the basis for the appeal, had been dismissed by the District Court with leave to file an amended bill of complaint within ten days if appellant so desired. It filed a certified copy of that order in support of its motion. Appellant did not appeal from this dismissal, but instead, filed his amended bill within the time allowed, including another prayer for injunction, as shown by his answer to the motion to dismiss. He still complains, however, of the dissolution of the restraining order which he obtained as an auxiliary to the main relief sought by the bill since dismissed, and seeks to have us study the merits of that bill even though he did not appeal from its dismissal. We find no authority for such exercise of our appellate jurisdiction. It is clear that appellant's right to the auxiliary injunctive relief, if any, now rests upon the case set forth in his amended bill of complaint. We have already shown why this bill is not before us, and why we may not consider his rights, if any, in the light of a pleading not before the District Court when it entered the order complained of. Hence, we are convinced that the appeal presents a moot question, even though the proceeding is still pending in the District Court. The new bill superseded the original one for all purposes. We think serious confusion would result from any other determination.

A somewhat analogous situation arose in the case of Western Electric Co. v. Cinema Supplies, Inc., 80 F.2d 111. There the appeal was from an order denying a temporary injunction with leave to reinstate the application therefor under certain conditions; prior to hearing on the appeal, the reinstatement was sought and the injunction granted, whereupon the Court of Appeals for the Eighth Circuit dismissed the appeal. On the record in the case now before us we have no way of knowing that the same situation has not developed, or may not develop here. Although the injunction was denied as prayed by the original bill of complaint, appellee's motion to dismiss, and appellant's answer thereto, inform us that a further opportunity has been afforded appellant to obtain the relief sought.

 It is clear from the argument in this case that appellant seeks by this appeal from the dissolution of the temporary restraining order granted pending hearing on the original bill, to obtain a decision of the merits of his entire case, including those matters raised for the first time in his amended bill, even though those latter matters had not yet been passed upon by the District Court. We think such action on our part would not constitute orderly procedure, and that § 129 of the Judicial Code, 28 U.S.C.A. § 227, permitting appeals from interlocutory orders granting, continuing, modifying, refusing or dissolving injunctions, does not contemplate determination of the merits of an abandoned bill of complaint or an amended complaint subsequently filed in lieu thereof, and that dismissal of the bill entitled appellee to dismissal of the appeal from an order predicated upon that bill.

Appeals dismissed.