360 F.2d 691
 Charles H. RUBY, as President of the Air Line Pilots
Association, International, and the Air Line
Pilots Association, International, an
unincorporated association,
Plaintiffs-Appellants,
v.
PAN AMERICAN WORLD AIRWAYS, INC., Defendant-Appellee, and
Flight Engineers' International Association, PAA
Chapter, Intervenor-Appellee.
 No. 401, Docket 30377.
 United States Court of Appeals Second Circuit.
 Submitted May 4, 1966.
Decided May 10, 1966.
 
 Cohen & Weiss, New York City (Henry Weiss, Herbert A. Levy and Robert S. Savelson, New York City, on the brief), for plaintiffs-appellants.
 Poletti, Freidin, Prashker, Feldman & Gartner, New York City (Jesse Freidin, Murray Gartner and Edward R. Cohen, New York City, on the brief), for defendant-appellee.
 Daniel Kornblum and O'Donnell & Schwartz, New York City (Asher W. Schwartz and Daniel Kornblum, New York City, on the brief), for intervenor-appellee.
 Before SMITH, KAUFMAN and FEINBERG, Circuit Judges.
 PER CURIAM:
 
 
 1
 After this appeal had been taken from Judge Levet's denial of a preliminary injunction, D.C., 525 F.Supp. 393, Judge Murphy dismissed the complaint in this case, in the exercise of his sound discretion, on the ground that a prior action (65 Civ. 2870) 252 F.Supp. 873, pending, as Judge Murphy stated 'between the 'same' parties' would dispose of all the issues raised in this action. The appeal has become moot and is, accordingly, dismissed.[1] See Janousek v. Doyle, 313 F.2d 916 (8th Cir. 1963); Dempsey v. Guaranty Trust Co. of N.Y., 131 F.2d 103 (7th Cir. 1942); but cf. Stell v. Savannah-Chatham Board of Education, 333 F.2d 55 (5th Cir.), cert. denied sub nom. Roberts v. Stell, 379 U.S. 933, 85 S.Ct. 332, 13 L.Ed.2d 344 (1964).
 
 
 
 [1]
 In the interest of efficient judicial administration, we note that Judge Levet did not abuse his discretion in denying plaintiffs' application for a preliminary injunction. Accordingly, we suggest to the parties and the District Court that they proceed promptly with the prior pending case and to a determination of which agreement between Pan American and the Air Line Pilots Association, International, or between Pan American and the Flight Engineers' International Association, PAA Chapter, is controlling on the question of whether the so-called 'new hires' are required to pay dues to FEIA, as a condition of remaining in the employ of Pan American as flight engineers. Once this question is resolved, if a 'minor' dispute still remains in the case over the interpretation of the language of the governing agreement, it should be settled by the System Board to Adjustment