**Lillie WILLIS and Sidney Alexander, Plaintiffs,**

**v.**

**Joe CARSON et al., Defendants.**

**Civ. A. No. 1145.**

United States District Court,
S. D. Mississippi, W. D.

March 19, 1971.

R. Jess Brown, Jackson, Miss., for plaintiffs.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for plaintiff-intervenor.

A. F. Summer, Atty. Gen. of Mississippi, Jackson, Miss., for defendants.

Before COLEMAN, Circuit Judge, and COX and RUSSELL, District Judges.

PER CURIAM:

This is a class action which attacks the jury system in Mississippi, and the administration of such jury laws in Sharkey County, Mississippi. It is complained first that § 1762 Mississippi Code 1942 which expressly provides that only male citizens will be eligible to serve on juries in the state courts is un-

constitutional; that Chapter 338 Mississippi Laws 1968 providing for the preparation of a jury list, which shall list the names "of qualified persons of good intelligence, sound judgment and fair character, etc.," is vulnerable to attack under the vagueness doctrine; and the further contention that there has been and is general discrimination in the selection of juries in the Circuit Court of Sharkey County in that there has been a systematic exclusion of blacks from such juries, and that such practice prevails in that county and should be enjoined. There is some testimony and there are some stipulations of the parties, and some depositions before the court on this last question. The contentions will be briefly dealt with and disposed of in the order stated.

Since time immemorial, the laws of Mississippi fixing qualifications for jury service have provided that every male citizen not under the age of twenty-one years and possessed of other qualifications was a competent juror. Under such laws a woman citizen possessed of all qualifications other than being a member of the male sex was not qualified for jury service in the state court. On June 14, 1968, the Legislature of the state of Mississippi changed said law to qualify every citizen (without regard to sex) who otherwise possessed the statutory qualifications for jury service. A copy of that enactment is attached.[1] It is the view of this court that such question as to the validity of the statute (now amended) is now moot, and this court should refrain from passing upon such

1. Chapter 335, General Laws of Mississippi 1968 provides: "Every citizen not under the age of twenty-one (21) years, who is either a qualified elector, or a resident freeholder of the county for more than one year, is able to read and write, and has not been convicted of an infamous crime, or the unlawful sale of intoxicating liquors within a period of five (5) years and who is not a common gambler or habitual drunkard, is a competent juror; but no person who is or has been within twelve (12) months the overseer of a public road or road contractor shall be competent to serve as a grand juror; but the lack of any such qualifications on the part of one or more jurors shall not vitiate an indictment or verdict. However, be it further provided that no talesman or tales juror shall be qualified who has served as such tales juror or talesman in the last preceding two (2) years; and no juror shall serve on any jury who has served as such for the last preceding two (2) years; and no juror shall serve who has a case of his own pending in that court, provided there are sufficient qualified jurors in the district, and for trial at that term." 6–14–68

question. That is the teaching of the decisions of the Supreme Court of the United States on such question.[2] Deference to the aesthetic consideration of propriety in our dual systems of federal and state courts, and federal and state systems of government dictates that this court should not unnecessarily pass judgment upon such state questions.[3] The United States Court of Appeals for the Fifth Circuit entertains and has expressed that view in a recent decision.[4] This court, therefore, declines to pass judgment on that question since it is moot and unnecessary, and will serve no purpose to any litigant in this case.

 The plaintiffs next attack the validity of § 1766 Mississippi Code 1942 (Chapter 338 Mississippi Laws 1968, Senate Bill 2460) as being vague and providing no guidelines for its enforcement, and as being conducive to discriminatory action by officials inclined to discriminate against black citizens in the selection of jurors. This section requires the Board of Supervisors at its April meeting to furnish a list of persons to serve as jurors in the Circuit Court for the next twelve months and further provides: "as a guide in making the lists they shall use the registration book of voters and shall select and list the names of *qualified persons,* of *good intelligence, sound judgment* and *fair character,* etc."* It is the italicized words which are said to be so vague and indefinite and uncertain as to be vulnerable to the vagueness doctrine.[5] This is

---

2. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 482, 80 L.Ed. 688 says: "The Court will not pass upon the constitutionality of legislation in a friendly, nonadversary, proceeding, declining because to decide such questions 'is legitimate only in the last resort, and as a necessity in the determination of real, earnest, and vital controversy between individuals. It never was the thought that, by means of a friendly suit, a party beaten in the legislature could transfer to the courts an inquiry as to the constitutionality of the legislative act.' Chicago & Grand Trunk Ry. Co. v. Wellman, 143 U.S. 339, 345, 12 S.Ct. 400, 402, 36 L.Ed. 176. Compare Lord v. Veazie, 8 How. 251. 12 L. Ed. 1067; Atherton Mills v. Johnston, 259 U.S. 13, 15, 42 S.Ct. 422, 66 L.Ed. 814."

3. Blair v. United States, 250 U.S. 273, 39 S.Ct. 468, 470, 63 L.Ed. 979 says: "Considerations of propriety, as well as long-established practice, demand that we refrain from passing upon the constitutionality of an act of Congress unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitle him to raise it."

4. Pendergraft v. Cook, Superintendent (5CA), 433 F.2d 969, 970 says: "From the citations of cases which are expounded, following this introductory language, it is perfectly clear that the Supreme Court rule applies to the reaching of a constitutional issue arising from an attack upon a state statute as well as upon a constitutional question arising from an attack on an act of Congress."

5. Chapter 338, General Laws of Mississippi 1968 provides:
"The board of supervisors at the April meeting in each year, or at a subsequent meeting if not done at the April meeting, shall select and make a list of persons to serve as jurors in the circuit court for the twelve (12) months beginning more than thirty (30) days afterward, and as a guide in making the list they shall use the registration book of voters and *shall select and list the names of qualified persons* of *good intelligence, sound judgment,* and *fair character,* and shall take them, as nearly as they conveniently can, from the several supervisors districts in proportion to the number of qualified persons in each, excluding all who have served on the regular panel within two (2) years, if there be not a deficiency of jurors. The clerk of the circuit court shall put the names from each supervisor's district in a separate box or compartment, kept for the purpose, which shall be locked and kept closed and sealed, except when juries are drawn, when the names shall be drawn from each box in regular order until a sufficient number is drawn. The board of supervisors shall cause the jury box to be emptied of all names therein, and the same to be refilled from the jury list as made by them at said meeting. If the jury box shall, at any time, be so exhausted of names as that a jury cannot be drawn as provided by law, then the board of supervisors may at any regular

a remedial statute, and is to be liberally construed and must be accorded every presumption as to its validity.[6]

An Alabama statute, Code of Ala.1940, Tit. 30, § 21, on the subject of selecting jurors required the Commissioners to select for jury service those persons who are "generally reputed to be honest and intelligent and are esteemed in the community for their integrity, good character and sound judgment." A three-judge court declined to invalidate that statute for vagueness, and that decision in such respect was approved by the Supreme Court of the United States on January 19, 1970 in Carter v. Jury Commission of Greene County, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549. There are terms and provisions and conditions in this statute which require no definition and dispense with any necessity for guidelines in its proper performance. Any different course of procedure would impair and retard proper processes for the exercise of sound judgment and fair and honest discretion in the selection of competent jurors, and

would effectually defeat the wholesome purpose of the enactment. The plaintiffs cannot persuasively argue on this record that § 1762-03 (1964) and § 1766 Mississippi Code 1942 (1968) are confusing even though they overlap and cover substantially the same field. Those sections are sufficiently expositive and enlightening to be impervious to any suggestion by these plaintiffs that these laws are vague and ambiguous. They are not conducive to any enforcement of jury laws in contravention of any vested right of black people. These laws are enforced by officials elected by all the people, black and white, acting under a binding and impressive oath of office. Their official acts in such respects are attended by a very strong presumption of validity, rectitude, and propriety. Mississippi is one of the oldest members of the American union of states. Our officials by law are enjoined to observe and respect and enforce the laws of the United States as the law of the land. This case should and must be judged by the facts and cir-

---

meeting make a new list of jurors in the manner herein provided.

"In order that the board of supervisors may properly perform the duties required of it by this section, it is hereby made the duty of the circuit clerk of the county and the registrar of the voters to certify to the board of supervisors during the month of March of each year under the seal of his office the number of qualified electors in each of the several supervisors districts in the county.

"Until the time for the preparation of the jury list in April, 1969, as provided above, the board of supervisors of any county is authorized, on order of the circuit judge, to add names of prospective jurors to the jury list previously prepared within thirty (30) days of the court term." 7-3-68

6. It is said that this statute is void for vagueness, and that it provides no guidelines or criteria for use by the board in its compiling the list of qualified persons of good intelligence and sound judgment. If that doctrine has any application, it would not appear necessary that anybody need tell the board what is meant by such terms as good intelligence, sound judgment and fair character. Those terms simply invite action by duly

elected officials of sound judgment who are invited under oath to make such determinations. "The essential purpose of the 'void for vagueness' doctrine is to warn individuals of the criminal consequences of their conduct. Williams v. United States, [341 U.S. 97] 71 S.Ct. 576 [95 L.Ed. 774]; Screws v. United States [325 U.S. 91] 65 S.Ct. 1031 [89 L. Ed. 1495]. *Mere difficulty* in determining whether a marginal offense is within the meaning of the language under attack as vague *does not automatically render the statute unconstitutional for indefiniteness.* United States v. Wurzbach, [280 U.S. 396] 50 S.Ct. 167 [74 L.Ed. 508]. Impossible standards of specificity are not required. United States v. Petrillo, [332 U.S. 1] 67 S.Ct. 1538 [91 L.Ed. 1877]. The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Connally v. General Construction Company, [269 U.S. 385] 46 S.Ct. 126 [70 L.Ed. 322]. Doubts as to the adequacy of a standard in less obvious cases does not render that standard unconstitutional for vagueness. See Williams v. United States, supra. Jordan v. De George, [341 U.S. 223] 71 S.Ct. 703 [95 L.Ed. 886]."

cumstances existing in Sharkey County, Mississippi when this case was filed, and when this court is called upon to dispense equity and justice in this suit for injunctive relief.

These statutes on this record under existing laws are not vulnerable to the vagueness doctrine, and such relief will be denied. A final judgment will be entered by the court on the two preceding questions, and the court expressly determines that there is no just reason for delay, and that a final judgment shall be entered on the two preceding questions under the provisions of Civil Rule 54(b).

The last question presented cannot be disposed of with finality at this time. It presents a more difficult problem, which must receive the further attention of the parties and the court.

■ That final question is as to whether or not there exists in Sharkey County, Mississippi a practice which results in the systematic exclusion of blacks from juries because of their race. There is very little testimony in this record on that question, and no sufficient testimony here to justify the court in undertaking to make a final decision on a scant record. Sharkey County is in the Mississippi Delta, and has a very large black population. At least one-half of the population are of the black race. The county is a relatively very small one, and some of its beats or supervisors districts have difficulty in supplying jurors to serve a term of Circuit Court. The parties have filed stipulations here to the effect that no black served as a grand or petit juror in the Circuit Court of Sharkey County from 1940 to February 1966; that the name of no black appeared on the list of the Board of Supervisors for jury service within that time, and that in 1948 the name of only one black appeared on the jury list; only three blacks were registered to vote in the county from 1935 to 1964; that prior to August 10, 1965 the Registrar followed a pattern and practice of requiring black registrants to comply with more difficult procedures to register to vote; that since August 10, 1965 the Registrar had registered 881 applicants without regard to race or literacy. These facts and circumstances (admitted by counsel) cast upon the defendants the burden of showing that any disparity existing between the white and black races in the field of jury service is a result attained by a just and proper administration of the jury laws of this state without regard to race, and designed to produce a fair cross section of eligible citizens in each community or beat. That burden has not been met in this case, nor by the answer of the Registrar that he had not engaged in any unfair, or unjust, or improper practices in such respect without more. That is the long expressed view of the Supreme Court of the United States on that subject and is the view of this court.

■ Every citizen who possesses jury qualifications, and none of the infirmities, or disqualifications has a right not to be excluded from service on the juries in this county. No litigant has any right to demand any particular jury composition in any case, but all litigants alike have a valuable vested right to have jurors made available to the Circuit Court of Sharkey County, Mississippi who have been fairly drawn from a list including the qualified jurors in each supervisors district of the county who comprise a fair cross section of each community.[7]

---

7. United States of America v. Dangler (5CA), 422 F.2d 344 holds: "We have approved the use of voter registration lists as the sole source of names for jury duty unless it results in the systematic exclusion of 'a cognizable group or class of qualified citizens.' Camp v. United States, 5 Cir. 1969, 413 F.2d 419. And we have held that those who do not choose to register cannot be considered a cognizable group. Grimes v. United States, 5 Cir. 1968, 391 F.2d 709, cert. denied, 393 U.S. 825, 89 S.Ct. 87, 21 L.Ed.2d 96."

Simmons v. United States (5CA), 406 F.2d 456, cert. denied 395 U.S. 982, 89 S.Ct. 2144, 23 L.Ed.2d 770 says: "Neither the jury wheel nor the venire need precisely conform to the proportionate strength of each identifiable group in the

This record under these circumstances is not ripe for decision by this court on such an important question.[8] The defendants, on the record now before us, have not sufficiently satisfied this court under these facts that black citizens have not been discriminated against in the field of state jury service, but the court will make no determination on that question, and will await further development of the case for a final disposition of it. The defendants should prepare and file with this court a detailed plan for the selection of jurors to serve the Circuit Court of Sharkey County, Mississippi under the laws of the state of Mississippi. The defendants should further be instructed and directed by the court to present to this court a list of jurors drawn according to state law, and under such plan of the state officials for the drawing of jurors for that court which will demonstrate to the court the fairness and propriety of such plan as being in conformity with the requirements of the Constitution of the United States thereasto. The defendants will be ordered and directed to formulate such plan and file such list of jurors with this court within six months after date of the order entered pursuant to this opinion.

There will be no assessment of costs in this case on the final judgment on the previous questions and such assessment will await a final disposition of the entire case. There will be no further need for a three-judge court in this case, and such court will be dissolved and the case will be henceforth handled by a single judge.

Any judge of this court may sign either or both the final judgment and the interlocutory judgment of this court for the entire court.

total population. Swain v. State of Alabama, 380 U.S. [202] at 208, 85 S.Ct. [824] at 829 [13 L.Ed.2d 759]. See also Mobley v. United States, 379 F.2d [768] at 771–772; * * * It is sufficient, according to the traditional formulation, if jurors are 'drawn from a fair cross-section of the community.' "

8. It is strongly denied that the Supervisors ever included or excluded anybody because of race, but the undisputed facts are that Sharkey County contains a very large black population, and that only token numbers of blacks have ever appeared on grand or petit juries in the county. The stated fact cast upon the defendants the necessity for more proof to overcome such prima facie case. In Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 540–541, 24 L.Ed.2d 567 the court said: "So far the appellees have offered no explanation for the overwhelming percentage of Negroes disqualified as not 'upright' or 'intelligent,' or for the failure to determine the eligibility of a substantial segment of the county's already registered voters. No explanation for this state of affairs appears in the record. The evidentiary void deprives the District Court's holding of support in the record as presently constituted. 'If there is a 'vacuum' it is one which the state must fill, by moving in with sufficient evidence to dispel the prima facie case of discrimination.' "