Mary Jane POORMAN, on Behalf of herself and her minor daughter, Ruby Standing Elk, Plaintiff,

v.

Otis BOWEN, M.D., as Secretary of the United States Department of Health and Human Services, and James Ellenbecker, as Secretary of the South Dakota Department of Social Services, Defendants.

Civ. No. 87–3055.

United States District Court, D. South Dakota, C.D.

June 15, 1988.

for summary judgment. Cross motions for partial summary judgment were filed by each of the defendants. The issues for determination by the Court in ruling on these motions center on the justiciability of this action. Specifically, the Court is asked to decide whether Poorman's two causes of action challenging federal statutes and regulations governing the Aid to Families With Dependent Children (AFDC) program are moot. The Court holds that both of the plaintiff's claims are moot and therefore nonjusticiable.

## I. FACTS

Poorman brings this suit on her own behalf and on behalf of her daughter, Ruby Standing Elk. Poorman's daughter, Ruby, was seventeen years old when the action was commenced on September 25, 1987. Ruby turned eighteen on May 7, 1988. Poorman is an enrolled member of the Yankton Sioux Tribe, and Ruby Standing Elk is an enrolled member of the Rosebud Sioux Tribe. Ruby's father, Verdell Standing Elk, died in 1970. Presently, Poorman and her daughter, Ruby, live in White River, South Dakota. Ruby graduated from high school there on May 29, 1988.

In April of 1985, the Bureau of Indian Affairs (BIA) sold a parcel of Indian trust land in which Poorman had an interest. The sale earned Poorman $3,458.00. The South Dakota Department of Social Services applied the "lump sum" rule to the trust land sale. As a result, Poorman and her daughter were denied eligibility for AFDC from April of 1985 until February of 1987.

The facts of the plaintiff's second cause of action relate to Ruby Standing Elk's Individual Indian Moneys (IIM) Account. Ruby owns interests in trust land which she inherited from her father which generate rental income for her on an annual basis. The rental income is received by the BIA and placed in Ruby's IIM account. This account is administered by the local agency superintendent of the BIA in accordance with federal statute. Access to Ruby's IIM account was restricted. The plaintiff admits that the restriction on the

Krista Clark, Dakota Plains Legal Services, Mission, S.D., B.J. Jones, Dakota Plains Legal Services, Ft. Yates, N.D., for plaintiff.

Mark L. Bratt, Asst. Atty. Gen., Office of Legal Services, Dept. of Social Services, Pierre, S.D., for State defendants.

David L. Zuercher, Asst. U.S. Atty., Pierre, S.D., for Federal defendants.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for defendants.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

On March 25, 1988, the plaintiff, Mary Jane Poorman (Poorman), filed a motion

account expired on May 7, 1988 when Ruby became eighteen years old.

On February 23, 1987, Poorman again applied for AFDC for herself and Ruby. Poorman was denied eligibility because the balance of Ruby's IIM account exceeded the resource limit for AFDC eligibility of $1,000.00.

## II. STATEMENT OF THE CASE

Poorman challenges each denial of eligibility for AFDC. First, Poorman contends that the lump sum rule set forth at 42 U.S.C. § 602(a)(17), 45 C.F.R. § 233.20(a)(3)(ii)(F), and A.R.S.D. § 67:12:05:59 should not have been applied to the proceeds she received on the sale of Indian trust land. Poorman argues that such proceeds qualify as exempt resources under 25 U.S.C. § 1408. In addition, Poorman states that treatment of proceeds of Indian trust land as "income" rather than as "resources" for purposes of AFDC eligibility is inconsistent with the opinion of the United States Supreme Court in *Lukhard v. Reed*, — U.S. ——, 107 S.Ct. 1807, 95 L.Ed.2d 328 (1987), and is in violation of the equal protection component of the fourteenth amendment and the Supremacy Clause of the Constitution. Second, Poorman contends that the monies in Ruby's IIM account cannot be counted as "available" for purposes of AFDC eligibility because access to money in the account was restricted in February of 1987, and, therefore, the money was not actually available to Ruby.

Poorman brings this complaint for injunctive and declaratory relief. Jurisdiction for this action is asserted under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343(a)(3) & (4), 28 U.S.C. §§ 2201 & 2202 and 28 U.S.C. § 1361.

## III. STANDARD OF REVIEW

Summary judgment cannot be granted under Rule 56 of the Federal Rules of Civil Procedure unless there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. F.R.C.P. 56(c). All facts must be considered in the light most favorable to the nonmoving par-

ty. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). The party moving for summary judgment has the burden to establish "his right to judgment with such clarity as to leave no room for controversy." *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 898, 901 (8th Cir.1977).

## IV. MOOTNESS

### *First Cause of Action*

The state defendant, Ellenbecker, contends that the plaintiff's first cause of action relating to the counting of proceeds from the sale of Indian trust land is moot and therefore nonjusticiable. Ellenbecker argues that the plaintiff's first claim is moot because the plaintiff is no longer affected by the challenged policy and the plaintiff and her daughter, Ruby, are no longer eligible for AFDC benefits because Ruby is no longer a "dependent child" within the meaning of SDCL § 28-7-1(1). The Court holds that the plaintiff's first cause of action is moot because Ruby Standing Elk is not a dependent child.

Justiciability of federal claims depends upon whether the case or controversy requirement of Article III, § 2, cl. 1, of the Constitution has been met. As stated by the Supreme Court in *North Carolina v. Rice:* "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971); *see also DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974) (per curiam). Stated in other terms, a case is moot " 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed. 2d 479 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)). As a prerequisite for injunctive relief, a plaintiff must show " 'continuing, present adverse effects' " from a past wrong. *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983) (quoting

*O'Shea v. Littleton,* 414 U.S. 488, 495–96, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974)). For example, in *Murphy v. Hunt,* the Supreme Court decided a petitioner's claim for pre-trial bail was moot when prior to appeal he was convicted of the offense for which bail was sought. 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). The *Murphy* court denied the petitioner injunctive and declaratory relief, stating: "The question was no longer live because even a favorable decision on it would not have entitled Hunt to bail." 455 U.S. at 481–82, 102 S.Ct at 1183.

The present facts are analogous to those of *Murphy* in relation to the mootness inquiry. As in *Murphy,* Poorman's first cause of action has been rendered moot because the challenged law is no longer applicable to her although it remains in effect. The opinion of the Supreme Court in *Atherton Mills v. Johnston* presents facts similar to those in this action. In *Atherton Mills,* plaintiffs including a minor affected by the Child Labor Tax Act challenged the constitutionality of the Act. 259 U.S. 13, 14, 42 S.Ct. 422, 422, 66 L.Ed. 814 (1922). The Act applied to businesses employing children between the ages of fourteen and sixteen. *Id.* However, by the time the action was decided by the Court, the child whose employment gave rise to the action was no longer within the ages covered by the Act. 259 U.S. at 15, 42 S.Ct. at 422. The Court stated its holding as follows: "The act, even if valid, cannot affect him further. The case for an injunction has, therefore, become moot...." 259 U.S. at 15–16, 42 S.Ct. at 423. In this case, Ruby Standing Elk has similarly reached an age at which she can no longer claim the benefit of a challenged statute because she is not a full-time student in a secondary school.

Under 42 U.S.C. § 606(a)(2), a "dependent child" is defined as a child "who is (A) under the age of eighteen, or (B) at the option of the State, under the age of nineteen and a full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains age nineteen, he may reasonably be expected to complete the program of such secondary school (or such training)." 42 U.S.C. § 606(a)(2) (1982). The definition of a "dependent child" adopted by the State of South Dakota includes children who are under nineteen *and* full-time students in secondary school. *See* SDCL § 28–7–1 (1984). As Ruby has reached the age of eighteen and graduated from high school, she is not a dependent child. The plaintiff states that this conclusion is "not totally accurate." Poorman is in error. Ruby Standing Elk is not presently a dependent child within the meaning of 42 U.S.C. § 606(a)(2)(B) because she is not presently a full-time student. While section 606(a)(2)(B) provides that students may attend either secondary schools or vocational schools to be eligible for AFDC as dependent children, Ruby has completed the level of education set forth in the statute, triggering ineligibility. Thus, as in *Atherton Mills,* the challenged act does not affect the plaintiff. Ruby Standing Elk and her mother, Mary Jane Poorman, as mother and daughter are not eligible for AFDC, and there is no cloud of further disqualification looming over their decision making about whether to sell trust land, as the plaintiff alleges. Thus, as Poorman does not have a "cognizable interest" in the outcome of this action, her first cause of action is moot and therefore nonjusticiable.

*Second Cause of Action*

■ Poorman's second cause of action relating to the counting of money in Ruby's IIM account as available to her for purposes of determining AFDC eligibility despite the restriction on the account is also moot. The plaintiff admits that the action for injunctive relief is moot because Ruby's IIM account cannot be restricted after Ruby's eighteenth birthday. Poorman contends, however, that her request for a declaratory judgment is unaffected by the fact that the request for injunctive relief is moot.

Under the Declaratory Judgment Act, declaratory relief may be available where injunctive relief is not. *See Green v. Mansour,* 474 U.S. 64, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985) (citing *Steffel v. Thompson,* 415 U.S. 452, 462, 94 S.Ct. 1209, 1217,

39 L.Ed.2d 505 (1974)). The requirements for justiciability of a case or controversy must be met, however, before the Declaratory Judgment Act may operate to permit declaratory relief. *See Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). As stated by the Supreme Court in *Super Tire Engineering Co. v. McCorkle,* a plaintiff seeking declaratory relief must "show the existence of an immediate and definite government action or policy that has adversely affected and continues to affect a present interest." 416 U.S. 115, 125–26, 94 S.Ct. 1694, 1700, 40 L.Ed.2d 1 (1974). In *McCorkle,* employers brought suit for injunctive and declaratory relief challenging a state welfare program providing benefits to striking workers. Before the case was tried, the strike ended and benefits were discontinued. The Court held that the case or controversy requirement of Article III was met for declaratory relief. 416 U.S. at 122, 94 S.Ct. at 1698. The *McCorkle* Court based its reasoning on the fact that the possibility of future economic strikes triggering application of the same challenged statute created "a continuing and brooding presence" affecting the plaintiffs' interests. *Id.*

Poorman has no such present interest because she and her daughter are not eligible for AFDC, as discussed above. Poorman argues that she does have a present interest in the action because federal regulations provide for retroactive "corrective payments" following a favorable hearing decision by the state hearing authority. *See* 45 C.F.R. § 205.10(a)(18); 45 C.F.R. § 205.10(b)(2). The eleventh amendment, however, limits relief which this Court may order to prospective relief. *See Edelman v. Jordan,* 415 U.S. 651, 664–65, 94 S.Ct. 1347, 1356–57, 39 L.Ed.2d 662 (1974). Thus, the plaintiff's second cause of action is moot.

*Exception to Mootness Doctrine*

Poorman relies on the Supreme Court opinion in *United States v. W.T. Grant Co.* for the proposition that an action may be moot if " 'there is no reasonable expectation that the wrong will be repeated.' " 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). The plaintiff then argues that the state action complained of in this case may be repeated and concludes that the action therefore is not moot. Poorman's reliance on *W.T. Grant Co.,* however, is misplaced. *W.T. Grant Co.* is a case in which an individual defendant ceased conduct challenged as unlawful and moved to dismiss the action on mootness grounds. 345 U.S. at 630, 73 S.Ct. at 896. As such, *W.T. Grant Co.* is inapposite to the relevant inquiry here because there are no facts tending to show that the state defendant in this case has abandoned its policy of applying the lump sum rule to proceeds from the sale of Indian trust land or counting money in IIM accounts as available for purposes of determining AFDC eligibility.

While Poorman does not raise any exceptions to the mootness doctrine, the Court notes that her case does not fall into the exception to the mootness doctrine of cases "capable of repetition, yet evading review." *See e.g., Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973) (review evasive during term of pregnancy). As stated by the Supreme Court in *Weinstein v. Bradford,* "the 'capable of repetition, yet evading review' doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975). Poorman states there is a "strong possibility" that the lump sum rule will be applied to her and to her daughter in the future. The facts of the case, however, do not bear this out when read in the light most favorable to the defendants. As previously stated, Ruby Standing Elk is not presently eligible for AFDC because she is eighteen years old and recently has completed her secondary school education. This Court has no reason to believe that the State of South Dakota will find Ruby and her mother eligible for AFDC benefits in the future. Moreover, as a similar suit might be brought by another plaintiff eligi-

ble for AFDC at any time prior to their possible nineteenth year of eligibility, the case, while capable of repetition, is hardly one evading review.

For all these reasons, the Court holds that summary judgment is granted in favor of the defendants on both of the plaintiff's claims. The above shall constitute the findings of fact and conclusions of law of the Court.